IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BEDFORD WASHINGTON          §
                            §
          Petitioner,       §
                            §
VS.                         §
                            §          NO. 3-07-CV-1316-P
NATHANIEL QUARTERMAN, Director  §
Texas Department of Criminal Justice,  §
Correctional Institutions Division  §
                            §
          Respondent.       §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bedford Washington, appearing *pro se*, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be

dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1999, petitioner was convicted of murder and sentenced to life imprisonment. His

conviction and sentence were affirmed on direct appeal. *Washington v. State*, No. 05-99-00497-CR,

2000 WL 1665116 (Tex. App.--Dallas, Nov. 7, 2000, pet. ref'd). Petitioner then filed an application

for writ of habeas corpus in federal court. Although the writ contained several unexhausted claims,

the district court considered all the claims asserted by petitioner and denied relief on the merits.

*Washington v. Cockrell*, No. 3-02-CV-0839-M, 2003 WL 193447 (N.D. Tex. Jan. 24, 2003), *appeal*

*dism'd*, No. 03-10205 (5th Cir. May 12, 2003). After his federal writ was denied, petitioner filed

two applications for state post-conviction relief. One application was dismissed for non-compliance.

*Ex parte Washington*, No. 55,184-01 (Tex. Crim. App. Mar. 19, 2003). The other application was denied without written order. *Ex parte Washington*, No. 55,184-02 (Tex. Crim. App. Oct. 1, 2003).

Petitioner now seeks federal habeas relief for a second time. In three grounds for relief, petitioner contends that: (1) he is actually innocent; (2) he received ineffective assistance of counsel; and (3) the trial court subjected him to double jeopardy by considering extraneous offenses that were more than 10 years old and "no longer true." Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   August 13, 2007.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE